IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

GREGORY BUMSTEAD                                                    PLAINTIFF

     v.                                  Civil No.  15-5180

NURSE ANDREW PIAZZA, Washington
County Detention Center                                            DEFENDANT

**<u>REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE</u>**

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983.  Plaintiff

proceeds *pro se* and *in forma pauperis.*

Plaintiff is incarcerated in the Washington County Detention Center (WCDC) in Fayetteville,

Arkansas.  The case is currently before me on the Motion to Dismiss (Doc. 7) filed by Defendant,

Nurse Andrew Piazza.  Plaintiff has not responded to the Motion to Dismiss.  The Motion is ready

for decision.

**1.  Background**

According to the allegations of the Complaint (Doc. 1), Defendant was prejudiced against

the Plaintiff and stereotyped him because of a tattoo on his back.  Further, Plaintiff alleges the

Defendant failed to treat his broken arm.

At all relevant times, Nurse Piazza was employed by Southern Health Partners, Inc. (SHP).

SHP has the contract to provide medical care to inmates of the WCDC.

**2.  Applicable Standard**

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and

plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" Braden, 588 F.3d at 594 (quoting Iqbal, 556 U.S. at 678). The standard does "not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation," or reasonable inference, that the "defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; see also Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (While pro se complaints are liberally construed, they must allege sufficient facts to support the claims.).

### 3. Discussion

Nurse Piazza has moved to dismiss the official capacity claims against him. He argues Plaintiff has failed to allege any facts to show that an official institutional policy or custom of Defendant's employer, SHP, was unconstitutional or that it was a moving force behind any alleged harm he suffered.

Nurse Piazza has also moved to dismiss the discrimination (prejudice and stereotyping) claim. He argues the Plaintiff has failed to state a claim upon which relief may be granted.

### (A). Official Capacity Claim

Official capacity claims are "functionally equivalent to a suit against the employing governmental [or institutional] entity." Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th

Cir. 2010).  In this case, Washington County has contracted with SHP to provide healthcare to County prisoners.  For this reason, the official capacity claims are treated as claims against SHP. See Murray v. Lene, 595 F.3d 868, 873 (8th Cir. 2010).

A Plaintiff "seeking to impose liability on a municipality [or institution] under § 1983 [must] identify [an unconstitutional] policy or custom that caused the plaintiff's injury." Board of County Commissioners of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 403 (1997).  "There are two basic circumstances under which municipal [or institutional] liability will attach: (1) where a particular [institutional] policy or custom itself violates federal law, or directs an employee to do so; and (2) where a facially lawful [institutional] policy or custom was adopted with 'deliberate indifference' to its known or obvious consequences." Moyle v. Anderson, 571 F.3d 814, 817-18 (8th Cir. 2009) (citation omitted).

Plaintiff has not alleged a plausible "policy" claim.  In short, he has not pointed to "any officially accepted guiding principle or procedure that was constitutionally inadequate." Jenkins v. County of Hennepin, 557 F.3d 628, 633 (8th Cir. 2009).  Merely alleging a denial of adequate medical treatment or the existence of discrimination is insufficient.  Plaintiff has not pointed to a "deliberate choice of a guiding principle or procedure made by the institution's official who has final authority in such matters." Id.

"[A] custom can be shown only by adducing evidence of a continuing, widespread, persistent pattern of unconstitutional misconduct." Id. at 634 (internal quotation marks and citation omitted). Plaintiff has not asserted facts sufficient to state a plausible claim that there was any widespread, persistent pattern of unconstitutional conduct.  The official capacity claims should be dismissed.

**(B).  Discrimination (prejudice and stereotyping)**

Defendant argues that the allegations that he was prejudiced against the Plaintiff and stereotyped him because of a tattoo on his back are insufficient to state a claim upon which relief may be granted.  Plaintiff has not alleged that he is a member of a protected class or that the Defendant is using such protected status, such as race or religion, as the basis for adverse action.  He has not alleged that the tattoo constitutes protected speech under the First Amendment.  Plaintiff's single conclusory allegation is insufficient to state a claim under the Equal Protection Clause or the First Amendment.

**4.  Conclusion**

For the reasons stated, I recommend that the Motion to Dismiss (Doc. 7) filed by the Defendant be **GRANTED.**  The official capacity claims and the discrimination claims  against him should be dismissed.  However, the individual capacity denial of medical care claim against the Defendant will proceed.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 29th day of September, 2015.

/s/ Mark E. Ford
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE

-4-