IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**GREGORY LEON BUMSTEAD**                                                                        PLAINTIFF

V.                              Civil No. 5:15-cv-05180

**NURSE ANDREW PIAZZA**                                                                           DEFENDANT

OPINION AND ORDER

This civil rights case was filed on July 31, 2015. The Plaintiff, Gregory Leon Bumstead, is proceeding *in forma pauperis* ("IFP") and *pro se.*

The Court granted IFP status on July 31, 2015. This order (Doc. 3) advised Plaintiff that it was his responsibility to immediately inform the Court of any address change. At the time he filed his Complaint, Plaintiff was incarcerated in the Washington County Jail. (Doc. 1) On October 28, 2015, mail sent to Plaintiff at the Washington County Jail was returned as undeliverable. The Court obtained Plaintiff's new address in the Arkansas Department of Correction ("ADC") Varner Unit and entered an order (Doc. 15) changing his address on October 28, 2015. Plaintiff was again advised that it was his responsibility to immediately inform the Court of any change of address, or his case would be subject to dismissal. Documents were resent, including the scheduling order setting a summary judgment hearing date of March 22, 2016.

On March 22, 2016, the Court and Defense counsel were present for the summary judgement hearing. When an inmate appeared by video from the Varner Unit, it was determined that there had been two Gregory Bumsteads in the Varner Unit. The individual present on the video was Gregory Wayne Bumstead, born in 1966, and the uncle of the actual Plaintiff in this case. The Plaintiff in this case, Gregory Leon Bumstead, was born

1

in 1987, and had been paroled. The senior Gregory W. Bumstead and the ADC staff informed the Court that the best address to reach Plaintiff was 1260 Maple Lane, Elkins, AR 72727. This address matched the address given at Plaintiff's last booking. Plaintiff's address and name were changed accordingly.

On March 22, 2016, a show cause order (Doc. 22) was entered giving Plaintiff until April 5, 2016, to show cause why the case should not be dismissed based on his failure to obey the orders of the Court. The show cause order was not returned as undeliverable mail.

To date, Plaintiff has not responded. Further, Plaintiff twice failed to inform the Court of address changes, including his parole. For these reasons, this case shall be dismissed for failure to prosecute and failure to obey the orders of this Court. Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED** on this 20th day of June, 2016.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE